STATE OF NORTH CAROLINA v. JOE THOMAS GRIER, JR.

No. 7726SC615

(Filed 17 January 1978)

1. **False Pretense § 3.1— obtaining money by false pretense—cooperation of store employee—sufficiency of evidence of crime**

　　Defendant's falsification of invoices for the purpose of obtaining payment from a convenience store for more cases of beer than he actually delivered amounted to a false pretense within the meaning of G.S. 14-100(a), notwithstanding cooperation by an employee of the store in defendant's deception for the purpose of discovering his crime.

State v. Grier

2. **False Pretense § 3.2— attempting to obtain property by false pretense—jury instructions proper**

In a prosecution for obtaining property by false pretense, the trial court did not err in instructing the jury on attempting to obtain property by false pretense, since G.S. 14-100(a) provides that either obtaining or attempting to obtain property in such a manner is a felony.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 15 March 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 November 1977.

Defendant was charged upon a bill of indictment with violating G.S. 14-100, obtaining property by false pretenses. At trial the State's evidence tended to show the following: Stop and Save, a convenience store owned by Charles Brown and William King, was losing money. Mr. King suspected defendant, a beer deliveryman, of falsifying invoices, and King instructed the cashier, Mrs. Belton, to cooperate with defendant. On 13 August 1976 Mrs. Belton saw defendant deliver four cases of beer. Defendant then asked Mrs. Belton if she would like to make some money and, if she did, not to ask questions. She replied "yes." Defendant then made out an invoice which indicated the delivery of 39 cases of beer. Mrs. Belton signed the invoice although she knew it to be incorrect. Defendant then presented the invoice to the secretary of Stop and Save, Mrs. Hardy, who was authorized to write checks. Mrs. Hardy knew nothing about King's instructions to Belton or about the incorrect invoice. Relying on Mrs. Belton's signature on the invoice, Mrs. Hardy issued defendant a check for $245.35.

Defendant gave Mrs. Belton $25 in cash which she gave to Mr. King. King then checked the cooler and found that defendant had delivered 14 cases of beer instead of 39 for which Stop and Save had paid. Defendant offered no evidence. A jury returned a verdict of guilty and defendant was sentenced to imprisonment. He appeals.

*Attorney General Edmisten, by Associate Attorney George W. Lennon, for the State.*

*Michael S. Scofield, Public Defender, by Assistant Public Defender Richard D. Boner, for defendant appellant.*

ARNOLD, Judge.

G.S. 14-100(a) provides that

"[i]f any person shall knowingly and designedly by means of any kind of false pretense whatsoever . . . obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony. . . ."

[1] Defendant contends that an agent of Stop and Save, Anna Belton, knew that the invoice ticket was inaccurate. Since Mr. King, an owner of Stop and Save, told the agent to cooperate with defendant, it is defendant's contention that the agent was acting within the scope of her authority and that, therefore, her knowledge was imputed to Stop and Save. As a result, defendant asserts, it cannot be said that Stop and Save was deceived by defendant's actions.

Defendant's contention is unrealistic and it is rejected. Evidence was uncontradicted that the invoice which defendant gave to the secretary was a misrepresentation. This misrepresentation amounted to a false pretense within the meaning of the statute, and based upon this false pretense defendant obtained something of value, a check in the amount of $245.35. Moreover, the evidence was sufficient for the jury to infer that defendant intended to defraud Stop and Save of such check.

[2] Error is assigned to the jury instructions and it is asserted that the court erred by instructing that defendant would be guilty if the jury found that "by this intended deception, the defendant *attempted* to obtain" the money from Stop and Save. (Emphasis added.) Defendant argues not that there was a variance between the charge and the verdict, but that more than a mere attempt is required to prove violation of G.S. 14-100. Defendant's argument, however, ignores G.S. 14-100(a), as amended in 1975. The amendment expanded the violation to include an attempt to obtain property by false pretenses. Defendant's argument is, therefore, without merit.

In our opinion defendant received a fair trial, free of prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.